OPINION
Defendant-appellant, Johnny M. Cecil, appeals his conviction in the Brown County Court for operating a motor vehicle without reasonable control and for failing to stop after an accident involving damage to realty.
At an April 9, 1999 bench trial, Sergeant David K. Houghton of the Ohio State Highway Patrol testified as follows: On February 4, 1999, at about 12:11 a.m., Sgt. Houghton was dispatched to a single vehicle accident on Hamer Road in Brown County. When he arrived at the scene ten minutes later, there was no vehicle. Sgt. Houghton, however, observed wet muddy tire marks leaving the ditch where the accident had occurred. Sgt. Houghton also observed a damaged telephone junction box, a broken telephone pole, a lot of broken glass, water all over the road, and deep gouge marks in the ditch line that indicated the vehicle had rolled over. Sgt. Houghton talked to the owner of the adjoining property, who was the person who had reported the accident. When asked if anybody had come to his door following the accident, the owner replied that no one had even though his lights were on.
At the scene, Sgt. Houghton found several pieces of paper, two of which had appellant's name and address. While en route to appellant's house, the officer observed a van at the intersection of State Route 134 and Robbins Road. The van had a severely damaged windshield, flat tires, "gripping [sic] mud and water coming off the bottom of the vehicle," and broken glass on the passenger's side. Sgt. Houghton testified it was obvious the vehicle had rolled over "from the crush damage to the roof and * * * [from] the mud and grass that was [sic] on the roof." Surmising that it was the vehicle from the accident scene, Sgt. Houghton stopped the vehicle. The driver, later identified as appellant, admitted he crashed on Hamer Road after he swerved to avoid a deer. Appellant told Sgt. Houghton that someone in a four-wheel drive pickup truck pulled him out of the ditch.[1] Appellant told the officer he was just trying to get home and that he did not stay at the scene because he was scared. Appellant admitted he had not attempted to contact the owner of the property adjacent to the accident scene. Appellant was not intoxicated.
Appellant was charged with operating a vehicle without reasonable control in violation of R.C. 4511.20.2 and failing to stop after an accident involving damage to realty in violation of R.C. 4549.03. On April 9, 1999, appellant was found guilty as charged. Appellant was later sentenced accordingly. Appellant timely filed this appeal and raises two assignments of error.
In his first assignment of error, appellant argues that his conviction under R.C. 4549.03 was based on insufficient evidence. Appellant contends that in order to support a guilty finding, the state must establish the identity of the damaged property owner and that such owner considers the property to be damaged.
This court's standard of review of a claim of insufficient evidence is set forth in State v. Jenks (1991), 61 Ohio St.3d 259, as follows:
 An appellate court's function when reviewing the sufficiency of the evidence to support a criminal conviction is to examine the evidence admitted at trial to determine whether such evidence, if believed, would convince the average mind of the defendant's guilt beyond a reasonable doubt. The relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond reasonable doubt.
Id. at paragraph two of the syllabus.
R.C. 4549.03 provides that "[t]he driver of any vehicle involved in an accident resulting in damage to real * * * or personal property * * * legally upon or adjacent to a public road or highway shall immediately stop and take reasonable steps to locateand notify the owner or person in charge of such property of such fact, of his name and his address, and of the registration number of [sic] vehicle he is driving * * *." (Emphasis added.) R.C.4549.03 further provides that "[i]f the owner or person in charge of such property cannot be located after reasonable search, the driver * * * shall, within twenty-four hours after such accident, forward to the police department of the city or village in which such accident or collision occurred * * * the same information required to be given the owner or person in control of such property and give the location of the accident and a description of the damage insofar as it is known." (Emphasis added.)
We find that appellant misinterprets R.C. 4549.03. Contrary to appellant's contentions, the statute does not require that the owner of the damaged property be identified by the state or that the owner considers the property to be damaged before a defendant can be found guilty. R.C. 4549.03, on the other hand, clearly and unequivocally requires the driver of a vehicle involved in an accident resulting in damage to property to immediately stop and take reasonable steps to locate and notify the owner of the damaged property. Thus, in order to convict appellant of violating R.C. 4549.03, the state had to show that appellant did not stop and take those reasonable steps.
We find that the state has met its burden of proof. It is undisputed that appellant was involved in an accident resulting in damage to property. Sgt. Houghton testified that the damage included a damaged telephone junction box, a broken telephone pole, and deep gouge marks in the ditch. The record clearly shows that appellant did not take any steps at all to locate and notify, or attempt to locate and notify the owner of the property. Rather, appellant left the scene of the accident and was trying to go home when he was stopped by the officer. Under these circumstances, we find that appellant's conviction for failure to stop after an accident involving damage to property was amply supported by the evidence adduced at trial. Appellant's first assignment of error is overruled.
In his second assignment of error, appellant argues that the trial court erred in rejecting the affirmative defense that a crossing deer led appellant to lose control of his vehicle. Appellant contends that the state, through Sgt. Houghton, put on evidence that a deer jumped out in front of appellant's vehicle.
R.C. 4511.20.2 provides that "[n]o person shall operate a motor vehicle * * * on any street, highway, or property open to the public for vehicular traffic without being in reasonable control of the vehicle * * *."
"The burden of going forward with the evidence of an affirmative defense, and the burden of proof, by a preponderance of the evidence, for an affirmative defense, is upon the accused." (Emphasis added.) R.C. 2901.05(A). An affirmative defense is defined in R.C. 2901.05(C) as either "[a] defense expressly designated as affirmative" or "[a] defense involving an excuse or justification peculiarly within the knowledge of the accused, on which he can be fairly required to adduce supporting evidence." (Emphasis added.)
We find that appellant failed to meet his burden of proof regarding his affirmative defense that a crossing deer led to appellant losing control of his vehicle. R.C. 2901.05 clearly requires an accused to prove by a preponderance of the evidence the existence of an affirmative defense. Appellant did not testify or present any witness testimony to support his affirmative defense. Thus, appellant offered no evidence to corroborate his claim. The state, on the other hand, established at trial that appellant simply drove off the road and lost control of his vehicle. Sgt. Houghton testified that "at the accident scene there was no indication that he swerved to miss anything. As a matter of fact the instigation [sic] at the scene showed that he just drove off the roadway. There's [sic] no swerve marks on the pavement, there was nothing in the grass that would indicate he was trying to swerve from anything, just drove off in the ditch, hit the pole, junction box, rolled it and got pulled out and left the scene."
Appellant contends that the state put on evidence that a deer jumped in front of appellant's vehicle thereby causing him to lose control of his vehicle. Our response is twofold: First, the state did not put on evidence that a deer actually jumped in front of appellant's vehicle. Rather, Sgt. Houghton testified that appellant claimed a deer jumped out in front of him, he swerved to avoid it, and subsequently lost control of his vehicle. Second, this evidence is nothing more than a self-serving and bare assertion by appellant which the trial court was not required to believe. See State v. Puckett (Apr. 16, 1990), Butler App. No. CA88-12-178, unreported (defining preponderance of the evidence).
We therefore find that appellant failed to meet his burden of proving the affirmative defense. We hold that appellant was properly convicted of operating his vehicle without reasonable control in violation of R.C. 4511.20.2. Appellant's second assignment of error is overruled.
Judgment affirmed.
YOUNG, P.J., and VALEN, J., concur.
[1] In a written statement, appellant similarly stated that he crashed after he swerved to avoid a deer and that someone in a truck pulled him out of the ditch.